The first case on the docket this morning is Kathleen Hawkins v. Wayne Ross, Mark Voss, and Tim Ross et al., 514-0001. The appellant, Mr. Hodge, you may proceed. May it please the Court. Jay Hodge, I'm here on behalf of the plaintiff appellant, Kathleen Hawkins. The background of this case is pretty, actually pretty simple. My client, Mrs. Hawkins... You might want to speak up because those don't amplify. Oh, okay, I'm sorry. Thank you. My client, Mrs. Hawkins, created a revocable living trust. And as the set law, she named herself as trustee. She was the sole primary beneficiary of this trust during her lifetime. And it was a revocable trust. She named her children as contingent beneficiaries, which in trust parlance would be contingent remaindermen subject to divestment. She could always revoke it, take the property out, do whatever she wants. She hired the defendant, the appellee, to conduct an auction of her property, of her real estate, and to provide her whatever documents were necessary to expect this transfer. One of the documents we believe that was required is the Illinois Residential Real Property Disclosure Notice. This case is fairly simple, but it affects both real estate and it affects trust, estate planning. The real estate is pretty simple. Depending on what the ultimate decision of the court is, the real estate bar will be able to deal with this problem that was created on whether or not a trustee of her own revocable living trust was subject to the disclosure requirements under this particular act. Not nearly as simple, it will have wide-ranging impact on the estate planning bar. Because the question then is, are you a fiduciary of your own trust when it's a revocable living trust that you set up during your lifetime when any other beneficiary beyond you upon your death is contingent? How can you be a fiduciary for yourself? Well, Your Honor, I believe you cannot. And, in fact, that argument was posed by the defendant's attorney up front that, in fact, she was a fiduciary for herself. Later they moved it that she was a fiduciary for contingent remaindermen whose rights could be divested. But under Black's Law Dictionary, you define fiduciary, you define fiduciary relation. You're basically always requiring two parties. And we have case law, Illinois cases have decided that you have to, a Fifth District case, Holcomb, and I'm not going to really cite the cases in my brief, but it said that a fiduciary relationship requires putting a position of trust in behalf of someone else over a third party, basically, or a second party. So we believe that the court missed the boat in a couple issues here. The issues were whether or not this act would apply to a seller. Under the definition, seller includes not only the owner of the property, but beneficiaries of a trust who have legal or equitable title. The trial court correctly found that Mrs. Hawkins, as the beneficiary of her trust, was a seller. And therefore, sellers were required to give notice. That's Section 5 of the act. Section 15 of the act exempts from the application of the act transfers by fiduciaries in the course of the administration of estates, guardianships, conservatorships, or trusts. The trial court said, not only was she an owner, or a seller, subject to the act as a beneficiary of the trust, but that under Section 15, it was a transfer by a fiduciary, and therefore exempt from the act. We believe that that was incorrect for a couple of reasons. One is we don't believe she was a fiduciary. And secondly, we don't believe that the act would have exempted the entire transaction. Well, let me ask you this. Yes, sir. She, wouldn't she have, she created this trust. It's a revocable trust. She can change it at will. But when she's acting, not herself personally, but in the capacity as the trustee, even though this is all one person, it's all wrapped into one, isn't she subject to certain fiduciary duties? And if she's subject to those fiduciary duties, why shouldn't she be subject to a fiduciary exemption? Two answers for that. First of all, I believe, and counsel has cited a couple of cases in this brief that go back, I think, to the Supreme Court case in 1955. I'm getting used to being one of the oldest lawyers in the room. Don't feel alone. I was alive then, but not by much. But it's an old case. And things have moved. And if you look at counsel's cases, they all really are different from ours. They're dealing with trusts that are irrevocable. They're dealing with trusts where the grantor who set it up has since died. The remainder men have vested rights. And we have a third party acting as trustee. But if you look at the cases and you look at the trend in Illinois as far as trust law, and we think we should construe this in that way, trusts are basically will substitutes. And in a will substitute, the right of the child is a mere expectancy. The right of the contingent remainder men subject to divestment is a mere expectancy. And there is no fiduciary duty to that. The Uniform Trust Code says the same thing. Illinois hasn't directly dealt with that. Other courts in other states have. I cited a case in New York. I cited whether or not there's a right to accounting by these kids during the time when the parents are still living. A case in Iowa, whether or not the child can contest mom mortgaging her home. And we'll talk about public policy also. I think you would find that the estate planning bar would be aghast to think that these estate planning tools they've been putting out as will substitutes now give the children the right to challenge simple things like should mom have sold the house before the market collapsed? Should mom maintain the house? Should dad have torn down the old house and the old barn on the farmstead? Or was he committing waste? These are all serious estate planning questions. With a will, they have no right. If you accept the premise that they are a fiduciary for these contingent remainder, then you subject the grantor who established the trust vehicle with potential fiduciary obligations if you accept the argument that they are a fiduciary. I wasn't really directing the question as to the remainder. I was really directing, so let me rephrase it. Wouldn't she have a trustee's duty to the corpus that she created? No matter who the beneficiaries are, no matter how she changes them, if she acts as a trustee as opposed to the individual, why wouldn't she have fiduciary duties just as any other trustee would? In this case, you either have the remainder vendor or you have the present interest holder. She is the present interest holder. It relates back to the initial question, how can you be a fiduciary for yourself? So, essentially, you have to have one other person that has the present interest if that's your position. The other response to your question, however, is if you look at this particular statute, if you accept the position that, therefore, because she is a trustee and she is a fiduciary, then you have negated the language of Section 5. Statutory construction requires that you provide a reasonable use for every word in the statute. And to accept the premise that she would be a trustee who is a fiduciary, and, therefore, it exempts the transaction as opposed to merely the transfer, would never permit you to include the beneficial owner of a trust as a seller. Because you're always going to have a trustee. So, it would be impossible to ever give effect to Section 5 of this Act if you find that trustees automatically are fiduciaries and automatically exempt the entire transaction from the Residential Real Property Disclosure Act. Because you're always going to have a trustee if you have a beneficiary of a trust. And a beneficiary of a trust is subject to the disclosure requirements under Section 5 as a seller. So, I think when you look at all of this, the Court should not have found that she was a fiduciary. And if it were to have found that she was a fiduciary, it should not have found that the fiduciary exemption applied to the entire transaction. At most, it would have applied to the transfer by this trustee. But she still would have been a seller under Section 5 subject to the requirement that she provide a disclosure notice as seller because she was a beneficiary of the trust. So, you take the position that she should have provided the disclosure? Yes, Your Honor. I certainly do. Well, the oral contract that she entered into, at least as I understood it, was that the defendants would provide the document. Well, yes, Your Honor. But she would have been, that the defendants would have been required to provide her with whatever documents were necessary to effect the transaction. And one of those documents that would have been necessary to effect the transaction would have been that she have this disclosure notice that they would have provided her as seller to give to the buyer. And in fact, the deal fell through because under this particular act, if the buyer has not provided a disclosure notice up to the time of the closing, they can cancel the deal. And they did. And that was the basis for their rescinding the contract. But as I understand it, the bosses did not provide her with the disclosure document, this paper. That's correct. And that is why the bosses are being sued. Because when they did not provide her with this document to fill out and hand to the buyers, the buyers had the right under the Residential Real Property Disclosure Act to rescind their contract. They rescinded the contract. The seller, as a result, suffered damage. The court never got to the question of damage because this was basically dismissed on judgment was granted on the plating. That in fact, she had no obligation because the transaction was exempt. And if in fact the transaction was exempt, then that would be correct. Of course, there would be no meaning for Section 5 saying that the trustee, the beneficiary of a trust, is required to give this notice. So that is a problem. It's a problem that counsel for the defense has never been able to answer. How do you give meaning to this section if you're saying that every time you have a trustee, who's therefore a fiduciary, there's no requirement to give the notice for the whole transaction? The public policy issues I show in my briefs and the will substitute, and the fact is that we believe a passive trust versus an active trust, they're all dealing with where Illinois law is today as far as how do you look at revocable living trust as will substitutes and estate planning vehicles. All of those would tend to show you restatement of trust. Restatement of property would also show you that this is a vehicle where the surviving beneficiary upon the death of the person who created the document, the vehicle of the trust, those people have no rights until after the grantor, the set lord passes away where you have these revocable living trusts. I will point out that, you hate to start by admitting an error, but on page 4 of our reply brief, we erroneously referenced the third, restatement third of trust, and that should be section 7.1 of the restatement third of property. So that's on page 4 of my reply brief. Section 7.1 of the restatement third of property. And we put restatement third of trust in our brief. It doesn't change the content, but it referenced the wrong document. Mr. Hutch. Yes, ma'am. I'm not totally familiar with what would be in the disclosure form. Is this information that they would have knowledge of, the auction company? No, no. This is information that the owner of the property would have. And in fact, normally, if we're dealing with a... So that would be Mrs. Hawkins would have the information. Conditions affecting the property. Right. That's what I presume. So when you say that they were responsible for that document because it was incidental to the sale, are you saying that they should have consulted with her to get the information? I'm saying that part of their requirement was to provide us with the farm that she needed to supply. Just provide with the... Okay. We did not expect them to fill it out. They wouldn't have had the information. It was something that she would have been required. And if you think about this, if one would hire Regions Trust Company to be the trustee, they don't know anything about the properties typically that they are trustee over. Which is why under Section 5 of the Act, it applies to the beneficiary of the trust. So it was their job to get her the form and then get it back to, as part of the sale, get it back to the potential buyers. Yes, Your Honor. That they were required to provide her whatever documents were necessary to effect the sale. This was one of the documents that was not given. And because of that, the buyer had the opportunity to walk the deal. And they did. Go ahead. I was curious that this was an oral contract. Did anybody raise that since this was for the sale of land? No, Your Honor. And in fact, it was an oral contract to provide a service for the sale of the land. But it was not for the sale of the land itself. It was the auctioneer's service, which would be like a real estate broker's service. So that really wasn't it. So what I would suggest to this Court is none of us would set up a living trust and expect that we would have to answer to our children whether or not we could sell the property, whether or not we got a good enough price for the property, whether or not we wanted to tear down the old barn on the farmstead. We all believe that we, as the person who set up our revocable living trust, or we're the only beneficiary of our trust, maintain complete control of that property. And I suggest that's really what the legislature was looking at when they set up the Disclosure Act and why they included beneficiaries of the trust instead of the trustee. The beneficiary of the trust is a seller. The beneficiary has information about the property. If you're going to exclude every time somebody sets up a living trust, we could sell property very easily and never have to disclose what is wrong with the property merely by transferring our property into our trust. And all of these sales of property by individuals held in their revocable living trust would be exempt from these disclosures for the future buyers. That certainly wasn't what the legislature intended. And we thank you. May it please the Court. Counsel. I represent Wayne Mark and Tim Boss, the defendants in this case, Napoli. Plaintiff goes to great lengths to take what I think is a fairly simple case and make it a whole lot more complex than it needs to be. We've heard cases from other jurisdictions. We've heard of some of the cases cited by counsel have to do with areas of law that have nothing to do with this. We have public policy arguments and we have references to Black's Law Dictionary. This is really just a question of simple statutory construction. The sole wrongful act, as you've heard, that's alleged of part of my clients is that they failed to provide this disclosure form to the plaintiff so that she could fill it out. But she had no statutory duty to do this. The act defines who the seller is. It imposes duties on the seller, but then it contains a list of exemptions. That's frequently what statutes do. In this instance, trustees are exempt under the fiduciary exemption. And there is no question on the basis of the pleadings, the Fifth Amendment complaint, that the plaintiff was selling the property as a trustee and is suing in her capacity as a trustee. So she is exempt under this statute. And by the way, counsel made an argument that if the fiduciary exemption is construed in this fashion, it negates the language from the definition of seller and beneficiary property. First, it does not. I can easily think of an instance where a beneficiary of a trust would have a duty that a trustee doesn't, and that's in the land trust situation. As the Court is probably aware, land trusts are very different than other trusts. In a land trust situation, a beneficiary has an absolute right to direct a trustee to sell or purchase property. So that's an instance where the beneficiary would be entering into a contract rather than a trustee. And so that's one example of where this language wouldn't be negated, because it would be the beneficiary directing the sale, signing the contract, and having the duty. But if you would carry counsel's argument regarding this negation to its logical conclusion, if you follow his argument, then plaintiff's own children as contingent beneficiaries would have had a duty under this Act. Because it just says beneficiaries. It doesn't qualify it to say primary, sole, or contingent. So if you agree with counsel's argument, then plaintiff's own children had a duty to provide this disclosure, and that doesn't seem to make any sense. So I think that the statute is well written and is very easy to follow. There is an exemption that covers this transaction. And therefore, plaintiff's claims fail as a matter of law. And in fact, in this instance, plaintiff has nobody to blame but herself, because frankly, she should have put forth this exemption as a reason not to let the original purchasers out of the contract. But she let them off way from the deal and is now looking for a scapegoat, and that happens to be my clients in this instance. So to get around this rather simple exercise in statutory construction, plaintiffs put forth many arguments, but I submit to the court that they all fail. There's absolutely no doubt under established Illinois law that she is a fiduciary. Okay? There's no doubt at all. First off, any of the statutes that we've been able to locate and we've cited in our brief that deal with fiduciaries never have an exception for the trustee of a reputable trust. We cite three such statutes, the Fiduciary Transfer of Securities Act, the Corporate Obligations Act, and the Corporate Fiduciary Act. In each instance, fiduciary is defined to include trustee without any exception for trustees of reputable trusts. So the statute that this court is being asked to construe today is just consistent with the other statutes that don't carve out any such exceptions. Also, the cases that we cite, I'll say that she is a fiduciary, especially with respect to the other beneficiaries. Right now, she's just the income beneficiary. Upon her death, assuming that there is even a penny to distribute, it will be going to persons other than herself. As a trustee, she has duties to those persons. Now, counsel puts forth one straw man, straw person, in that he says the state practitioners would be aghast at reputable trusts being construed in such a way as to allow kids to sue parents for tearing down a bond or something. The Farkas case that we cite here actually covers that situation. It says, well, yeah, the kids may have the right, the contingent beneficiaries may have the right to sue or to complain about breaches of fiduciary duty, but it would be impracticable for them to assert those rights until such time as the grantor dies. So I think the solution is right there. You're not going to have kids suing dad because dad tore down a barn or mom sold a house unless those kids understand and don't care about the risk that mom or dad is going to write them out of that trust because they have that ability. The Farkas case covers that straw person and dispenses with it. Also, the plaintiff seeks to escape decades and decades of trust law in a couple of different ways, one of which is saying, well, in constructive or passive trusts where the trustee has no duties, these rules don't apply. But the plaintiff admits on page 26 of her brief this is not passive trust, and it's not. There are duties. Any trust document that starts to say the trustee shall do this, the trustee cannot do this, there are duties there. So this is not a passive trust, and there's a trust brace. The Sentioli case that the plaintiff hangs her head on is absolutely irrelevant here. It never once uses the term fiduciary. And whether or not a contingent beneficial interest in a trust is a protectable right under the Illinois Marriage and Dissolution Act has nothing to do really with this act at all. That's an entirely different area of law. It would be dangerous here, actually, to rule in favor of a plaintiff because on page 21 of her brief she admits that if you rule in her favor in this case, you will be removing, and this isn't my language, many trusts from typical trust jurisprudence. In other words, we have decades and decades of law regarding trusts and trustees and how those relationships are governed. The plaintiff's admitting, if you rule in her favor here, you will be removing revocable trusts from all of that judicial jurisprudence. And there's a reason we have that body of law. It's developed over many years, and it provides certainty with respect to trust relationships, and I don't think this court's interested in jettisoning all of that law. There's another strong person set forth by plaintiff in that anyone who wants to avoid making the disclosures under the Disclosure Act, all they have to do is put the property in the trust. Well, who's going to spend $1,000, $2,000 to have a estate plan or draft a trust just so they can avoid filling out a form? I submit that, once again, that argument carries no weight. Counsel argues that, well, this area of law is changing because trust is more and more being seen as a will substitute. That may be, but it is not a will, so the cases that are cited with respect to whether or not anyone who's named in a will has any rights until the person died don't apply in a trust context. Trusts have always been will substitutes, but they are not wills for a reason, and there's a different body of law that has arisen with respect to trust than with wills. And, by the way, this won't remove – this won't – if you rule to affirm the lower court in this case, it's not going to cause a bunch of problems for buyers of real estate who buy a piece of property and it turns out there's mold or something. There are other remedies other than the Disclosure Act. You can always sue for fraud. And, in this case, it's possible that if they hadn't let the buyers out of the transaction, maybe there would have been sued for fraud. I don't know. You don't think of this as depriving unknowing buyers of a remedy. They will still have remedies. Well, I presume, though, that's why the statute was enacted, was to protect the public because maybe the remedies weren't adequate. I think that that is true. I think it's the lawful goal of getting as much information out there so that you don't have to clean up a difficult situation after the fact. And that's why sometimes I counsel clients in real estate transactions who are exempt. Go ahead and fill out the form just because it might avoid a fraud lawsuit later. And so you're right. That is the goal here. But the statute was drafted using certain language, and I think that language is susceptible of only one construction here, and it's consistent with other statutes that deal with trusts. And so the legislature intended to make fiduciaries and trustees as fiduciaries exempt. They did so. And also a reversal here doesn't necessarily help – doesn't guarantee that the plaintiff will succeed. As the court noted, there is the issue of this being an oral contract, an alleged oral contract. There are many other issues in this case if this case were to be reversed to go back to trial. But I think it does not need to. I think the trial court was correct in this instance. It's a clear-cut, straightforward reading of the statute. The statute, for better or worse, exempts trustees as fiduciaries, and therefore – Why do you think they did that? I mean, I'm bothered by that. So the average person who's selling a piece of ground, if you have mold or water linkage or any of these other things that are required by that form, you have to tell the unassuming buyer. But if you're a fiduciary, you don't. That's not entirely true, Your Honor. I would still say – Is that what you're arguing for? I would still say you need to tell them so that you're not committing fraud. Yes, you're not required by law to tell them. No, you – well, not by this – That's why you're arguing. I'm arguing that not by this statute, but I'm saying because of the law, and it's mostly common law with respect to fraud, you still need to do it. Yeah, but fraud is really tough to plead. I mean, now, especially with pleading requirements and who said what and when and how, and it seems like this was to make it easier. It's just a piece of paper, and it's really quite thorough. I'm just a bit bothered by why were we giving fiduciaries a break? Probably because in most instances, a fiduciary would not be the person living there. But notice there's no exception under that fiduciary exemption. When it lists guardians, it doesn't say except for those guardians who are living in this house. And when it exempts representatives of the state except for the spouse serving as an executor who's living in the house, it doesn't carve out any exception for those who are in the house. It's a blanket exemption applying to fiduciaries, so it's a right-line rule. But I submit, again, to the court that if you have knowledge of something, you still need to disclose it to avoid potential liability. Well, that would be the morally correct thing to do. Well, I think it's a legally correct thing to do, too, and I have counseled clients to do that. I tell them to be brutally honest on those disclosures and fill them out even if you are exempt because I've seen what happens. I've been involved in litigation that happens after the fact. And so I guess this was trying to get more information out there, but it's a very clear exemption here, and the court would be creating new law if it reverses in this case. And I don't think there's any reason to make new law in this case and any reason to jettison decades of law with respect to trusts and so forth. This case just doesn't call for those kinds of extreme measures, and that's what this would be. So does the court have any other questions? No. Okay. Well, then I would ask that you affirm the trial court decision as being correct in this case, and thank you for your time. Thank you. Mr. Dutch, do you have anything else to tell us? Very briefly, Your Honor. Okay. First of all, we're not asking you to create new law. We believe simple statutory construction would tell you that this Section 5, and we still have had no answer from Mr. Gucinex, even though he tried to argue about land trust. There's no plausible answer to why we would require the beneficiaries of a trust under Section 5 to be a seller and require them to give a disclosure and then wipe out any requirement whenever you have a trustee. And even with a land trust, you have a trustee. There's a trustee of the land trust. So even in Mr. Gucinex's argument of his example, it doesn't fly. We're always going to have a trustee if we have a beneficiary of a trust. In this case, and I think following up on your question, the bigger concern is why are we giving fiduciaries who are also the beneficiaries an exception, the people who do have knowledge? So we don't think that you are required to create new law. First of all, I think you wouldn't find that they're a fiduciary. Perhaps that issue is what Mr. Gucinex was talking about, but statutory construction would not find a requirement to exempt the entire transaction. Maybe you exempt the transfer by the trustee if you find that this trustee is acting as a fiduciary in this case. And under Illinois law, not every trustee is a fiduciary. But certainly you do not need to provide the answer that the seller who is a beneficiary of the trust is exempt from the requirements of the Disclosure Act, that they are required to give this notice. You know, you just said an interesting thing. Not every trustee is a fiduciary. That is absolutely. I'm sorry to interrupt. I'm sorry. So you now have a fact-finding issue. Yes, we do. And I believe that these cases that I've cited in my brief, one particularly, I think it was the Illinois Supreme Court case of Eisenstein v. Nix, specifically said that not all trusteeships are fiduciaries. It is a fact question. It's a fact question of whether or not there's a duty. And, of course, that gets to the public policy. What duty – what public policy would support a duty that one who creates their own living trust now suddenly has – which is revocable – now suddenly has a duty as a fiduciary to the remaindermen whose rights could be removed at will, based on will. So the other thing that I'll point out, Mr. Guttenegg did – counsel did talk about our brief at page 21. The removal of the trust under our argument would remove it from typical trust jurisprudence. If you look at page 21, this is talking about following the concept that one cannot be one's own fiduciary. Yes, in that instance, it would remove it from trust jurisprudence because you can't be your own fiduciary. Unless there are any other questions, I would point out that this Act exempts trustees – fiduciaries. It does not exempt trustees. I thank you, and I would ask you to overrule the trial court remanded for trial. Okay. Thank you. All right. This matter will be taken under advisement, and a disposition will be issued in due course.  Good job.